IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN C. TAMEZ | § | |
| | § | |
| v. | § | C.A. NO. C-06-409 |
| | § | |
| NUECES COUNTY JAIL | § | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

Proceeding pro se, plaintiff filed his complaint in this action on September 20, 2006. (D.E. 1). On September 21, 2006, a notice of deficient pleading was sent to plaintiff. (D.E. 4). The notice informed him that he must either pay the $350.00 filing fee, or file a complete application for leave to proceed in forma pauperis. Id. It further informed him that he had twenty days to cure the deficiency. Id. On October 12, 2006, an order to show cause was issued providing plaintiff with twenty days to cure the deficiency. (D.E. 5). He failed to respond to this order to show cause.

It was discovered that on July 25, 2006, plaintiff had previously filed a similar complaint against Nueces County Jail with similar allegations. See Tamez v. Nueces County Jail, 06cv320. In that action, plaintiff never responded to the notice of deficient pleading, or an order to show cause. On September 9, 2006, a memorandum and recommendation was issued, recommending that plaintiff's action be dismissed for failure to prosecute his action.

Because this action was filed after the memorandum and recommendation in his other action, an attempt was made to have a teleconference with plaintiff after he failed to respond to the October 12th order to show cause. It was learned that he is now incarcerated at the Jester Unit in Richmond, Texas.

Based on this new information, a second order to show cause was issued on November 8, 2006. It sought to ascertain why this action should not be dismissed for failure to either pay the filing fee, or file a motion to proceed in forma pauperis. (D.E. 7). He has also failed to respond to this second order to show cause.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

It appears that plaintiff has both abandoned this action and failed to comply with orders of this Court. It is therefore respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 30th day of November 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).